UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHRONDREY ARRINGTON,

        Plaintiff,                            Case No. 1:21-cv-13057

v.                                            Honorable Thomas L. Ludington
                                                United Sates District Judge

DEPUTY DEPALMA, *et al.*,

        Defendants.
_____/

**OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT AS TO GOVERNMENTAL DEFENDANTS**

In December 2021, Plaintiff Shrondrey Arrington, confined at the Genesee County Jail in Michigan, brought this action under 42 U.S.C. § 1983, claiming that jail officials gave him incorrect medication and poisoned his coffee. ECF No. 1 at PageID.5. Plaintiff names four Defendants: "Genesee County Jail," "Health Care Worker Ashley," "Genesee County Jail Health Care Provider," and "Deputy DePalma." *Id.* at PageID.3. For the reasons stated hereafter, Plaintiff's Complaint will be dismissed as to Genesee County Jail and the "Genesee County Jail Health Care Provider"; the remainder of the case will be allowed to proceed.

**I.**

In December 2021, Plaintiff filed an application to proceed without prepaying the costs and fees of this action, ECF No. 2, which Magistrate Judge David R. Grand granted, ECF No. 9. Accordingly, Plaintiff is proceeding in this case *in forma pauperis*.

Under the Prison Litigation Reform Act (PLRA), this Court must dismiss an *in forma pauperis* complaint before service on a defendant if the action is frivolous or malicious, fails to

state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, this Court must dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## II.

Plaintiff alleges that in September 2021, Genesee County Jail officials placed him in a protective custody unit. *See* ECF No. 1 at PageID.5. While there, he claims that Defendant Ashley, who works in the health care unit, purposely gave him incorrect medication to make him ill. *Id.* He also claims that Defendant Deputy DePalma put a toxic substance in his coffee and toothpaste, causing him a variety of physical ailments. *Id.* Plaintiff further alleges that Defendants Ashley and Deputy DePalma were aided or encouraged by "Deputy Boose," who Plaintiff does not name as a Defendant. *Id.* at PageID.5–8. Plaintiff seeks $290,500,000 in damages. *Id.* at PageID.8.

## III.

Section 1983 imposes liability on any "person" who violates an individual's federal constitutional or statutory rights. 42 U.S.C. § 1983. Although Plaintiff names the Genesee County Jail and Genesee County Jail Health Care Provider as parties, it is well settled that county jails and sheriff's departments in Michigan are not legal entities amenable to suit under section 1983. *Vine v. Cnty. of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995). Construing the Complaint liberally, this Court will assume that Plaintiff intended to sue Genesee County.

But local government entities like Genesee County cannot be held liable under § 1983 under a *respondeat superior* theory of liability. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that "a municipality cannot be held liable [under section 1983] solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory"). For Plaintiff to state a claim against Genesee County, he must point to an official policy, custom, or practice as the source of his constitutional violation. *See Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005). He must also allege facts that show a causal connection between the policy and his injury. *See Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997); *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 648 (6th Cir. 2012).

Even when liberally construed, Plaintiff's Complaint does not identify an official policy, custom, or practice that might have been the source of a constitutional violation. Therefore, Plaintiff's Complaint must be dismissed with respect to Genesee County.

With respect to the two individual Defendants, if Plaintiff's allegations are proven to be true, he would likely be entitled to some form of relief under 42 U.S.C. § 1983. Therefore, Plaintiff's allegations against Defendants Ashley and DePalma are sufficient for purposes of the initial screening. *See* 28 U.S.C. § 1915(e)(2)(B) (requiring court to sua sponte dismiss claims that are frivolous or fail to state a claim for relief); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (noting that complaint is only frivolous when it lacks "an *arguable basis* either in law or in fact" (emphasis added)).

**IV.**

Accordingly, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED** as to the claims against Defendants Genesee County Jail and Genesee County Jail Healthcare Provider.

This is not a final order and does not close the case.

Dated: February 15, 2022                                s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge