UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHRONDREY ARINGTON,<br>    Plaintiff,<br>v.<br><br>ASHLEY and DEPALMA,<br>    Defendants.<br>_____/ | Case No.: 21-13057<br><br>Thomas L. Ludington<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## REPORT AND RECOMMENDATION REGARDING DEFENDANT "ASHLEY"

Plaintiff Shrondrey Arington filed this civil rights case without the assistance of counsel on December 27, 2021. (ECF No. 1). He named "Ashley," a health care worker, as a defendant. As Plaintiff is proceeding *in forma pauperis*, the United States Marshal Service ("USMS") is tasked with serving the complaint. This matter is before the Court on Plaintiff's failure to respond to two Court Orders regarding defendant "Ashley." The first attempt at service was effective on defendant Depalma but was unsuccessful on defendant Ashley. On May 31, 2022, the Court ordered Plaintiff to provide the full name for "Ashley" so that USMS can serve this defendant. Plaintiff's deadline to respond to that Order was July 1, 2022. (ECF No. 19). On August 8, 2022, since Plaintiff had not responded to the Order, he was ordered to show cause in writing why "Ashley" should not be dismissed for his failure to provide information to serve the defendant. The response to this

Order to show cause was due August 29, 2022. The Court warned Plaintiff that failure to respond to the Order to show cause would result in a recommendation that "Ashley" be dismissed without prejudice for failure to timely serve them under Fed. R. Civ. P. 4(m) and/or for failure to prosecute the case against them under Fed. R. Civ. P. 41(b). (ECF No. 20).

To date, Plaintiff has not responded to the Order to show cause or provided a full name for "Ashley."

Federal Rule of Civil Procedure 4(m) provides that if service is not effectuated within 90 days, the Court must dismiss the action without prejudice as to that defendant. "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (citing *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)). It is plaintiff's burden to establish good cause for failing to timely effect service. *Habib*, 15 F.3d at 73.

Plaintiff failed to provide the full name for "Ashley" despite being warned that failure to do so could result in dismissal of the unserved defendant. The undersigned therefore recommends that plaintiff's complaint be dismissed without prejudice pursuant to Rule 4(m) against defendant "Ashley." *See Habib*, 15 F.3d at 73 ("Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal."); *see also Price v.*

*Howard*, 2011 WL 4496661, at *3 (W.D. Mich. Sept. 27, 2011) (pro se prisoner's claims against John Doe defendant "dismissed without prejudice for failure to effect timely service"); *Reed-Bay v. Pramstaller*, 607 F. App'x. 445, 449-50 (6th Cir. 2015) (affirming dismissal of claims raised by *pro se* prisoner pursuant to Rule 4(m), noting that "an incarcerated plaintiff may not shirk all responsibility for seeing that the Marshals Service fulfils its duty to effectuate service").

Because Plaintiff has not responded to Court orders to provide the information necessary to serve "Ashley," and more than 90 days have elapsed since USMS's attempt to serve "Ashley," the undersigned recommends that this defendant be dismissed without prejudice.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant "Ashley" be **DISMISSED WITHOUT PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: September 14, 2022          s/Curtis Ivy, Jr.
                                  Curtis Ivy, Jr.
                                  United States Magistrate Judge

## CERTIFICATE OF SERVICE

    The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on September 14, 2022.

                                            s/Kristen MacKay
                                            Case Manager
                                            (810) 341-7850