UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHRONDREY ARINGTON, | Case No. 21-13057 |
| Plaintiff, | Thomas L. Ludington |
| v. | United States District Judge |
| DEPALMA, | Curtis Ivy, Jr. |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION:**
**<u>RULE 41(b) DISMISSAL</u>**

**I.   PROCEDURAL HISTORY**

Plaintiff Shrondrey Arington filed this case on December 27, 2021, without the assistance of counsel.  (ECF No. 1).  This case was referred to the undersigned to conduct all pretrial proceedings.  (ECF No. 14).

On March 14, 2023, Defendant Depalma moved for summary judgment. (ECF No. 30).  The next day, the Court ordered Plaintiff to respond to that motion on or before May 3, 2023.  (ECF No. 31).  The Court warned Plaintiff that failure to file a timely response could result in sanctions, including granting all or part of the relief requested in the motion for summary judgment.  On May 10, 2023, having received no response from Plaintiff, the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to file a response.  (ECF No. 32).  This order to show cause was returned to the Court as undeliverable on

May 23, 2023. (ECF No. 33). When Plaintiff filed this lawsuit, he was given notice of his obligation to keep his address updated with the Court. He was warned that "Failure to promptly notify the court of a change in address or other contact information may result in the **dismissal** of your case." (ECF No. 4, PageID.28) (emphasis in original).

To date, Plaintiff has not responded to the motion for summary judgment or the Order to Show Cause, nor has he updated his address. Thus, for the reasons below, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b) and the motion for summary judgment be terminated as **MOOT**.

II.  ANALYSIS AND CONCLUSIONS

Pursuant to Federal Rule of Civil Procedure 41(b), a federal court may sua sponte dismiss a claim for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630. "[D]istrict courts possess broad discretion to sanction parties for failing

to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). Further, "a district court can dismiss an action for noncompliance with a local rule . . . if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). Here, on balance, these factors weigh in favor of dismissal. As for the first factor, "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. May 27, 2008). In any event, "defendants cannot be expected to defend an action" that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*. For these reasons, the first and second factors

3

weigh in favor of dismissal.

Based on the warnings given to plaintiff, the third factor also clearly weighs in favor of dismissal. This court has regularly dismissed cases under Rule 41(b) after a plaintiff has been warned of dismissal, failed to comply with court orders without explanation, and where defendants expended resources on an abandoned action, and lesser sanctions would prove useless. *See e.g.*, *Croton v. Recker*, 2012 WL 3888220, at *2 (E.D. Mich. Sept. 7, 2012). Additionally, a Rule 41(b) dismissal is an appropriate sanction for a *pro se* litigant's failure to provide the court with information related to her current address. *Watsy v. Richards*, 1987 WL 37151 (6th Cir. 1987); *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (finding that a *pro se* prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address"); *Rogers v. Ryan*, 2017 WL 5150884, at *2 (E.D. Mich. Nov. 7, 2017) ("A Rule 41(b) dismissal is an appropriate sanction for a *pro se* litigant's failure to provide the court with information regarding his current address.").

Finally, given Plaintiff's failure to respond to Court orders, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, taken together, these factors support dismissal for failure to prosecute. It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where,

4

as here, the failure is by a *pro se* litigant." *White*, 2008 WL 2216281, at *5 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). That said, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a sua sponte dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)); *see also Labreck* 2013 WL 511031, at *2.

For these reasons, the undersigned concludes Plaintiff has effectively abandoned his case by failing to respond to the motion for summary judgment, the Court's Orders, or keep his address updated. Under these circumstances, dismissal with prejudice is appropriate.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b) and the motion for summary judgment be terminated as **MOOT**.

The parties to this action may object to and seek review of this Report and Recommendation but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and*

*Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 16, 2023      s/Curtis Ivy, Jr.
                         Curtis Ivy, Jr.
                         United States Magistrate Judge

6

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 16, 2023, by electronic means and/or ordinary mail.

                                                  s/Kristen MacKay  
                                                  Case Manager  
                                                  (810) 341-7850